**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THUY-AI NGUYEN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 8:18-cv-00492-PX |
| **STEVEN MNUCHIN,** | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO AMENDED COMPLAINT**

Steven Mnuchin, Secretary of the U.S. Department of the Treasury ("Agency" or "Defendant"), by his undersigned attorneys, hereby files this answer Plaintiff's Amended Complaint.

**JURISDICTION AND VENUE**

1. Defendant denies that all of the events occurred as alleged in Plaintiff's Amended Complaint. Defendant admits that the Internal Revenue ("IRS") office where Plaintiff worked is located at 5000 Ellin Road, Lanham, Maryland 20706.

2. The allegations in Paragraph 2 are averments as to subject matter jurisdiction to which no response is required. To the extent an answer is required, denied.

3. The allegations in Paragraph 3 are averments as to venue to which no response is required. To the extent an answer is required, denied.

4. Admitted.

5.     Admitted that Plaintiff's civil action was timely filed but denied that Plaintiff's lawsuit was brought within ninety (90) days of Plaintiff's receipt of the Agency's final decision.

6.     Counts I-VII have been dismissed by this Court by Order dated May 28, 2019. *See* ECF No. 22. Defendant is therefore not required to answer the allegations in this paragraph.

7.     Admitted.

## FACTUAL BACKGROUND

8.     Admitted.

9.     Admitted.

10-33. Counts I-VII have been dismissed by this Court by Order dated May 28, 2019. *See* ECF No. 22. Defendant is therefore not required to answer the allegations in these paragraphs.

34.    Admitted.

35-120. Counts I-VII have been dismissed by this Court by Order dated May 28, 2019. *See* ECF No. 22. Defendant is therefore not required to answer the allegations in these paragraphs.

121.   Denied.

122.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

123.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

124.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

125.     Denied.

126.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

127.     Admitted.

128.     Defendant admits that Plaintiff took indefinite leave without pay since July of 2014, but denies all remaining allegations in this paragraph.

129-133.     Counts I-VII have been dismissed by this Court by Order dated May 28, 2019.  *See* ECF No. 22.  Defendant is therefore not required to answer the allegations in these paragraphs.

134.     Defendant admits that Plaintiff spoke to Norman Keith about her depression and anxiety, but denies all remaining allegations in this paragraph.

135.     Admitted.

136.     Defendant admits that one of Mrs. Nguyen's psychiatrists sent a letter to the Agency in September 2014, but denies all remaining allegations in this paragraph.

137.     Defendants admits the allegations set forth in the first and third sentence of this paragraph.  Defendant denies the allegations set forth in the second sentence of this paragraph.

138.     Admitted.

139.     Defendant denies that Plaintiff could successfully perform her position. Defendant admits the remaining allegations in this paragraph.

140. Defendant admits that Plaintiff supplied documentation which detailed her condition and the requested accommodation. Defendant denies that this request constituted a reasonable accommodation.

141. Defendant admits that physicians recommended that she be transferred. Defendant denies that the Department of Health and Human Services recommended that she be transferred.

142. Denied.

143. Denied.

145-205. Counts I-VII have been dismissed by this Court by Order dated May 28, 2019. *See* ECF No. 22. Defendant is therefore not required to answer the allegations in these paragraphs.

## COUNT IX
### Rehabilitation Act – Failure to Accommodate

206. Defendant repeats and incorporates the answers to the allegations contained in Paragraphs 1 to 205.

207. Defendant admits that Plaintiff's medical records document Plaintiff's disabilities as described in paragraph 207 of the Amended Complaint.

208. Admitted.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Admitted.

214. Denied.

## PRAYER FOR RELIEF

The indented paragraphs (a) through k) that follow Paragraph 214 contain Plaintiff's demand for judgment and for relief, to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to any such relief or judgment.

## FIRST DEFENSE

The Amended Complaint fails in whole or in part to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks jurisdiction as to one or more causes of action.

## THIRD DEFENSE

Defendant acted at all times in accordance with all relevant statutes, rules, and regulations, specifically, in compliance with Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*

## FOURTH DEFENSE

Plaintiff's claims in this action are limited to those that were fully and timely exhausted during the administrative process. Any claims raised by Plaintiff in this action that were not timely raised and fully exhausted during the administrative process should be dismissed for failure to exhaust or failure to timely exhaust.

## FIFTH DEFENSE

Plaintiff has failed to establish a *prima facie* case.

**SIXTH DEFENSE**

Plaintiff is not a qualified individual with disabilities.

**SEVENTH DEFENSE**

Plaintiff cannot show that a reasonable accommodation was possible.

**EIGHTH DEFENSE**

Plaintiff cannot show that Defendant failed to make a needed reasonable accommodation resulting in adverse treatment.

**NINTH DEFENSE**

Plaintiff was not unlawfully discriminated against on the basis of any disability.

**TENTH DEFENSE**

Plaintiff cannot show that she is entitled to any damages, and is otherwise limited by Title VII and the Rehabilitation Act in the amount and type of damages she may recover. Plaintiff's damages are further limited to the extent that she failed to mitigate as required by law. Plaintiff may not obtain punitive damages or any category of damages not specifically authorized by the statutes referenced in her Amended Complaint.

**ELEVENTH DEFENSE**

The injuries and damages alleged in the Amended Complaint were not proximately caused by or contributed to by any wrongful act or omission of any agent, employee, or representative of the United States.

## TWELFTH DEFENSE

Defendant reserves the right to assert additional defenses based on information obtained through discovery.

WHEREFORE, Defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including attorneys' fees, costs, and disbursements.

> Respectfully submitted,
>
> Robert K. Hur
> United States Attorney
>
> _____/s/_____
> Sarah A. Marquardt, Bar No. 17294
> Assistant United States Attorney
> United States Attorney's Office
> District of Maryland
> 36 S. Charles Street, 4th Floor
> Baltimore, Maryland 21201
> (410) 209-4800
> sarah.marquardt@usdoj.gov
>
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

> /s/ Sarah A. Marquardt
> Sarah A. Marquardt